A. M. DEPWE v. THE STATE.

No. 21327.   Delivered November 13, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*J. T. Adams* and *Hollis Kinard,* both of Orange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with embezzling $2679.88 from the Orange Furniture Company, a private corporation, and upon conviction by the jury he was sentenced to serve two years in the state prison.

Briefly the facts show that appellant was general manager of this corporation, and he had at times taken out of the cash of the company various sums, leaving in the cash his I. O. U.'s for such sums. In order that the books of the company should show a balance, and when these sums would grow large enough to be reflected in the cash balance, the amount would be passed to "goods purchased" account, and later he would execute a written instrument called a "Texas Mortgage" for such amounts, which would be reflected as goods sold and passed by the bookkeeper into bills receivable, thus leaving the cash in balance on the books. There was no denial by appellant of these proceedings, and his defense was that as general manager he had the right to thus borrow money from the company; that he intended to repay the same; that other employees of the company had indulged in like practices, and that he had the consent of a director of the company to thus handle these funds.

There was contradictory testimony upon the part of the State to these matters, and testimony that could have been utilized by the jury showing the falsity of these proffered defenses.

Appellant was not entitled to have granted his request for a peremptory instruction. We think the indictment properly charges in legal form an offense against the law and thus disposes of bill of exceptions No. 1.

We think that the question objected to in bill No. 2 will doubtless not occur on another trial. We think that the evidence complained of in the bill was properly admitted in the present instance because of what appellant had testified to on his examination in chief, but surely no error is shown herein on account of the fact that the court did not allow an answer thereto, and instructed the jury to disregard the same.

Complaint is made relative to the charge of the court in which is presented the appellant's defense of the possession of a belief that he had the authority of the Board of Directors of this company to use their funds in the manner testified to by him. We think the wording of such paragraph should be so changed as not to convey the idea that there was a misapplication or conversion of such funds.

We think that the testimony of other like transactions to the one herein charged, upon the part of appellant, has a tendency to throw some light on the intent with which he acted in the presently charged instance.

Bill of exception No. 7 we think evidenced matters that will require a reversal of this case. The witness Mrs. E. D. Short was the bookkeeper for the Orange Furniture Company. As such she had full knowledge of the different times these different sums of money were taken by appellant out of the cash belonging to such company. She knew when such sums were passed into the account of goods purchased, and herself passed same into such account. She also knew when such sums as had been passed into goods purchased were again passed into accounts receivable as evidenced by the "Texas Mortgages," which were evidences of goods sold, and she again passed same on the books of the company. She also testified that she knew such entries thus made by her were false. She testified in part that:

"Mr. Depwe and I had a conversation in his office one afternoon and I talked to him about it and he told me he knew it wasn't right. I told him—* * *. He said he realized it wasn't; I told him you couldn't term it anything but theft. * * *

"I did not report that to any member of the Board of Directors back there when I discovered this was all irregular about the way these accounts were handled. I made these monthly

statements that were made for the Board of Directors. I put all these things in those monthly statements that were set up with respect to these accounts of Archie Depwe. I did that from month to month and year to year, and I never did go to any member of the Board of Directors, or anybody else, and say this doesn't show a correct state of facts. * * *

"I knew from the start that all these things were irregular. * * * I did not go to any member of the Board of Directors or any other officer of that concern and reveal to them the true status of facts. I withheld those facts and didn't go to them with it. I set up a false state of facts in these monthly statements from time to time."

In an objection to the court's charge, the same was objected to because of the trial court's failure to submit therein the fact as to whether or not this witness was an accomplice to this herein charged offense, and also a requested charge was prepared and the court's refusal to submit the same to the jury was made the basis of bill of exceptions No. 7.

In our opinion the testimony of the witness shows as a matter of law that she was cognizant of the commission of the offense, and her method of manipulating these matters in the books, as well as preparing false statements for presentation to the directors, amounted to a concealment of the offense, and in law would be denominated an accomplice witness. See Branch's Penal Code, p. 360, Sec. 702, and authorities there cited. We think the court should have given a proper charge on accomplice testimony regarding Mrs. Short's testimony.

We do not think there are any further matters of serious import set forth in the remaining bills of exceptions.

The matters alleged in the motion for a new trial setting forth the misconduct of the jury should not have been indulged in, and need not be written upon at this time.

For the error shown in bill of exceptions No. 7, this judgement is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The State insists that we were in error in holding as a matter of law that Mrs. Short was an accomplice witness. The opinion is expressed that the testimony of the witness set out

in the original opinion places her in the category of an accomplice. Her testimony was largely relied upon by the State to establish a fraudulent intent on the part of the appellant when he took money belonging to the Orange Furniture Company. It is deemed that proper disposition of the appeal was made upon the original submission of the case.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.